**Original filed 10/24/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LOUIS ALFORD, a.k.a. Morris Day,  <br><br>　　　　　Plaintiff,<br><br>   vs.<br><br>DR. WINN, et al.,<br><br>　　　　　Defendants. | No. C 06-4442 JF (PR)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)<br><br><br><br>(Docket No. 3) |

Plaintiff is a state prisoner and frequent litigant in this court. He filed a <u>pro se</u> civil rights action against several psychologists and psychiatrists concerning his mental competency trial in Monterey Superior Court. Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA"), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

Order to Show Cause Re: Dismissal Pursuant to 28 U.S.C. § 1915(g)
P:pro-se\sj.jf\cr.06\Alford442oscifp       1

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases which were dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." See Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" Id. (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" Id. (citation omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id. The prisoner must be given notice of the potential disqualification under § 1915(g) -- by either the district court or the defendants – but the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews thus implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the plaintiff of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the plaintiff an opportunity to be heard on the matter before dismissing the action. See id. at 1120.

A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court reveal that he has had at least three such cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See Day v. Feinstein, C 96-1796-FMS (dismissed as frivolous); Alford v. Johnson, C 05-1352 JF (PR) (dismissed for failure to state a claim); Alford v. Sony Electronic Inc., C 05-1581 JF (PR) (dismissed for failure to state a claim). In light of these dismissals, and because

1  Plaintiff is not under imminent danger of serious physical injury, he is ordered TO
2  SHOW CAUSE within **thirty days** of the date this order is filed, why this action should
3  not be dismissed pursuant to 28 U.S.C. § 1915(g).[1]

4      IT IS SO ORDERED.

5  DATED: __10/20/06_____

                              JEREMY FOGEL
                              United States District Judge

---

[1] The Court notes that such a dismissal would be without prejudice to bringing it in a paid complaint. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

Order to Show Cause Re: Dismissal Pursuant to 28 U.S.C. § 1915(g)
P:pro-se\sj.jf\cr.06\Alford442oscifp     3

1  A copy of this ruling was mailed to the following:

2

3  Rickey Louis Alford
   J-39242
   CSP - Salinas Valley IV
4  P.O. Box 1060
   Soledad, CA  93960-1060

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause Re: Dismissal Pursuant to 28 U.S.C. § 1915(g)
P:pro-se\sj.jf\cr.06\Alford442oscifp                4